MARK F. HAZELWOOD, SBN 136521
LAURA S. FLYNN, SBN 148511
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone:    (415) 981-6630
Facsimile:    (415) 982-1634

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA NASH, | NO. C 05 5307 VRW |
| Plaintiff, | **DEFENDANT BARTD'S RESPONSE TO PLAINTIFF NASH'S INITIAL DEMAND** |
| vs. | |
| BAY AREA RAPID TRANSIT DISTRICT, DOES 1- 40, | |
| Defendants. | |

Pursuant to Standing Order 4.3, defendant BAY AREA RAPID TRANSIT DISTRICT ('BARTD') submits the following response to Plaintiff's Initial Demand.

**Agreement/Disagreement As to Whether Barriers Exist:**

(i) BARTD disagrees that there are no devices or systems to prevent, deter or warn individuals from inadvertently stepping off the platform between cars of a train. Yellow textured rubber tiles have been installed along the entire length of BARTD train platforms in order to warn passengers that they are close to the platform edge. These tiles can be detected with a cane or foot. Black rubber tiles are used to mark the approximate location of where the center four doors of a train will be located when the train pulls into the station. In all stations, an extra row of black tiles mark the entrance to the two middle cars of the train. The tiles are only located at the center four doors based on the fact that BARTD trains are of varying lengths. The shortest train is three cars long. If tactile directional tiles were based at all doors, they would not be useful, and might actually be a hazard, as a blind person might assume a door will be present at every location where directional tiles are

located. BARTD believes the safest option is to place directional tiles only in those locations where there will be a car door.

In addition to the directional tiles, BARTD's Station Agents provide assistance to blind patrons upon request and directs them to the appropriate area on the boarding platform. All stations have white courtesy phones at all levels that connect directly to the Station Agent. BARTD also provides paratransit services. Service animals are permitted in BARTD stations and trains. In addition, programs are held wherein the visually impaired are given a tour of the station and provided with instructions as to boarding and exiting the system, as well as information regarding what to do if one falls onto the tracks. BARTD believes that the combination of all above-reference efforts to assist blind patrons have been effective.

**Whether Existing Barriers Have Been Removed:**

(ii) No physical barriers have been mounted on the ends of cars.

**Belief That Removal of Existing Barriers Is Not Readily Achievable:**

(iii) BARTD believes that the mounting of physical barriers on the cars is not readily achievable. The factual basis for this belief is as follows: BARTD is technically unable to implement the specific physical devices identified in Plaintiff's Initial Demand. It is extremely difficult to fit a between-car barrier in the space between cars because of the large offset at the car corners as a result of the radius of the Y ends of two cars. In addition, the end structure of BARTD cars do not allow for installation of pantograph gates without major redesign. The aluminum end structure was not designed to support pantograph gates or other structures which would exert a force into the end wall.

BARTD operates a mixed fleet which makes car mounted devices unworkable. Any device which will physically block entry between cars by mating up with a similar device on the opposite car would present substantial maintenance problems and would create large problems in association with the process of making and breaking up trains. Both pantograph gates and chains require manual attachment and retraction during vehicle coupling and uncoupling. Currently, coupling and uncoupling is performed by operators from within the vehicle cab, enabling an efficiency which is a factor of BARTD's overall operation. The efficiency would be diminished by the use of devices which require manual intervention to deploy and retract at each coupling and uncoupling. Further, such devices would introduce a hazard for personnel working in the BARTD's switching yards in close proximity to third rails and current connectors.

There are also a number of problems involved in attaching a physical barrier to the platform. Depending on the design and location of any such barrier, the barrier could constitute a safety hazard i.e., attractive nuisance or tripping hazard. In addition, the cars do not always stop in the correct predetermined location and the barrier would have to be sized to handle that reality.

Based on all the above, BARTD believes that the mounting of physical barriers between the cars is not readily achievable.

DATED: September 26, 2006                LOW, BALL & LYNCH

                                         By      /S/
                                             MARK F. HAZELWOOD
                                             LAURA S. FLYNN
                                             Attorneys for Defendant
                                             BAY AREA RAPID TRANSIT DISTRICT