MARK F. HAZELWOOD, # 136521
LAURA S. FLYNN, # 148511
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone: (415) 981-6630
Facsimile: (415) 982-1634

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICIA NASH, | ) | NO. C 05 5307 VRW |
| Plaintiff, | ) ) | **NOTICE OF MOTION AND MOTION BY DEFENDANT BAY AREA RAPID TRANSIT DISTRICT FOR CONTINUANCE OF TRIAL DATE** |
| vs. | ) ) ) | |
| BAY AREA RAPID TRANSIT DISTRICT, DOES 1- 40, | ) ) ) | |
| Defendants. | ) ) ) | Date:      August 9, 2007 Time:      2:00 p.m. Courtroom:   6 |

## I.    NOTICE

PLEASE TAKE NOTICE that on August 9, 2007 at 2:00 p.m. in Courtroom 6 of the above entitled Court, defendant BAY AREA RAPID TRANSIT DISTRICT ("BARTD") will move this court for an Order continuing the current trial date and the related deadlines set forth in the Court's Pretrial Order.

BARTD seeks to continue the November 5, 2007 trial date and related lay and expert discovery deadlines in order to allow the parties sufficient time to complete discovery in this case.

## II    MEMORANDUM OF POINTS AND AUTHORITIES

Defendant BARTD submits the following memorandum of points and authorities in support of its motion to continue trial.

-1-

## A.    FACTUAL BACKGROUND

On November 22, 2005, plaintiff PATRICIA NASH filed a Complaint for Damages and Injunctive Relief in San Francisco Superior Court.  The Complaint contains causes of action for violation of the ADA, the Unruh Act, Civil Code Section 54.1, Government Code Sections 815.6, 835, 840, Civil Code Sections 2100 and 2101, and Strict Products Liability. Plaintiff, who is blind, claims injuries as a result of falling between two BARTD cars on August 19, 2004.  Plaintiff seeks general and special damages, exemplary damages and injunctive relief.

On December 22, 2005, defendant BARTD filed a Notice of Removal.  An answer was filed on behalf of BARTD on December 27, 2005.  On January 11, 2006, the case was assigned to the Honorable Vaugh R. Walker for all purposes.   A case management conference was scheduled for September 5, 2006.  The conference was continued to October 3, 2006, due to plaintiff's counsel's trial schedule.  On that date, a further case management conference was scheduled for February 6, 2007.  That conference was continued to March 20, 2007, pursuant to counsels' request.  On that date, the Court issued a PreTrial Order which set a trial date of November 5, 2007. The Discovery Cut-Off is August 29, 2007. The Expert Disclosure is August 1st with Expert Discovery to be completed by August 29, 2007.

To date, the following discovery has been completed:

Exchange of Written Discovery, include Interrogatories, Requests for Admissions and Requests

for Production of Documents;

Document Subpoenas;

Deposition of Plaintiff Patricia Nash;

Deposition of Train Operator Philip Johnson;

Deposition of Station Agent Linda Ramirez;

Deposition of David Sanborn, Safety Analyst;

Initial Session of Deposition of Ike Nnaji, BARTD Customer Access Dept.; and

Inspection of BART cars.

As of today's date, the following discovery remains to be completed:

Deposition of Train Controller Kimberly Johnson;

-2-

1    Deposition of System Service Worker Matt Marvel;

2    Second Session of Deposition of Ike Nnaji;

3    Depositions of Persons Most Knowledgeable;

4    IME of Plaintiff (July 10, 2007); and

5    Expert Disclosure and Discovery.

6    Plaintiff's attorney Richard Kashdan will be on vacation from July 12th through July 26th.

7    Defendant's counsel Mark Hazelwood will be starting a three week trial in Sonoma on July 12th and will

8    be on vacation from August 2nd through the 13th..

9    Based on the above facts, BARTD seeks a three month continuance of the trial. A continuance is

10    necessary in order to provide the parties with sufficient time to complete discovery.

11    **B.    STIPULATION**

12    The hearing on this motion will not be until *after* the deadline for expert disclosure

13    (August 1, 2007) and within a few weeks of the deadline for expert and lay discovery (August 29, 2007).

14    As a result, the parties have stipulated to continue the Pretrial Order discovery deadlines for thirty days.

15    The Stipulation is being filed at the same time as this motion.

16    **C.    LEGAL AUTHORITY**

17    Pursuant to Civil Local Rule 40-1, no continuance of a scheduled trial date will be

18    granted except by order of the Court issued in response to a motion made in accordance with the

19    provisions of Civil Local Rule 7.   Pursuant to Civil Local Rule 7, a written request to the Court for an

20    order may be presented by a duly noticed motion pursuant to Civil Local Rule 7-2; or Stipulation of the

21    affected parties pursuant to Civil Local Rule 7-12.

22    Motions for continuance of a trial of an action are addressed to the sound discretion of

23    the district court. *United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1986). A continuance to

24    allow a party to complete discovery is appropriate. *FDIC v. Loube*, 134 F.R.D. 270, 274 (1991). In

25    deciding whether a denial of a continuance was arbitrary or unreasonable, the Appellate Court considers

26    four factors: 1) the extent of the parties' diligence in its efforts to ready its defense prior to the date set

27    for hearing; 2) how likely it is that the need for a continuance could have been met if the continuance

28

1  had been granted; 3) the extent to which granting the continuance would have inconvenienced the court

2  and the opposing party, including its witnesses; and 4) the extent to which the party might have suffered

3  harm as a result of the district court's denial.  No one factor is dispositive; rather the court evaluates and

4  weighs each in order to determine whether the denial was arbitrary or unreasonable.

5          As indicated above, the parties in this case have been diligently pursuing discovery in

6  this case.  They simply underestimated the amount of time it would take to complete the discovery in

7  this case.  The basis for a continuance, the need to complete discovery, will be met if the continuance is

8  granted.  The continuance should not inconvenience the court as the motion is being presented four

9  months prior to the trial date.  Harm would clearly result to BARTD if the motion is denied, as BARTD

10  will not have had sufficient time to complete all of the discovery necessary to prepare an adequate

11  defense to the claims being made by plaintiff.

12          Based on the above, BARTD requests that the trial in this matter, and the related

13  deadlines set forth in the Pretrial Order, be continued for three months.

14

15  Dated:  July  3  , 2007.

16                                    LOW, BALL & LYNCH

17

18                          By _____

19                                    MARK F. HAZELWOOD
                                     LAURA S. FLYNN
                                     Attorneys for Defendant
20                                    BAY AREA RAPID TRANSIT DISTRICT

21

22

23

24

25

26

27

28

-4-

**NOTICE OF MOTION AND MOTION BY DEFENDANT BAY AREA RAPID TRANSIT DISTRICT FOR CONTINUANCE OF TRIAL DATE**

J:\1752\sf0186\Pld\P-MPAContinue.wpd                                    C 05 5307 VRW

1 | *Nash v. Bay Area Rapid Transit District*
United States District Court Northern Division Case No.: C 05 5307 VRW

2

3 | **PROOF OF SERVICE**

4 |     I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

5

6 |     On the date indicated below, I served the following documents enclosed in a sealed envelope on the listed addresses:

7

8 | <u>DOCUMENT(S):</u>

9 | **NOTICE OF MOTION AND MOTION BY DEFENDANT BAY AREA RAPID TRANSIT DISTRICT FOR CONTINUANCE OF TRIAL DATE;**

10

11 | **DECLARATION OF MARK HAZELWOOD IN SUPPORT OF MOTION BY DEFENDANT BAY AREA RAPID TRANSIT DISTRICT FOR CONTINUANCE OF TRIAL DATE**

12 | **[Proposed] ORDER GRANTING DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION TO CONTINUE TRIAL DATE;**

13

14 | **STIPULATION TO CONTINUE PRETRIAL ORDER DISCOVERY DEADLINES**

15 | **[Proposed} ORDER GRANTING STIPULATION TO CONTINUE PRETRIAL ORDER DISCOVERY DEADLINES**

16 | <u>ADDRESSES:</u>
Richard Kashdan

17 | 434 Grove Street
San Francisco, CA 94102

18 | Telephone: 415/621-4080
Facsimile: 415/621-9554

19

20 | ____ **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business

21 |     practices, addressed as set forth below.

22 |  X  **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by <u>Spincycle</u> Legal Services.

23

24 |     I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the

25 | ordinary course of business.

26 |     I declare under penalty of perjury that the foregoing is true and correct.

27 |     Executed at San Francisco, California on July 5, 2007.

28

    Patricia Milligan

-1-

PROOF OF SERVICE