MARK F. HAZELWOOD, # 136521
LAURA S. FLYNN, # 148511
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone: (415) 981-6630
Facsimile: (415) 982-1634

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA NASH,<br><br>        Plaintiff,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT, DOES 1-40,<br><br>        Defendants. | NO. C 05 5307 VRW<br><br>**DECLARATION OF RICHARD WENZEL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** |

I, Richard Wenzel, declare as follows:

1.      I am currently employed as a Senior Program Director for Transportation Engineering/Planning by Earth Tech in Oakland, California. From 1976 to June 2007, I was employed by defendant Bay Area Rapid Transit District ("BART").

2.      From 1997 to June 2007, my position with BART was Group Manager - Stations Capital Program. My duties included overseeing all new Capital Programs for BART stations as well as renovations and upgrades of stations. This included renovations/upgrades of station platforms.

3.      In December of 1986, a $1,550,000 contract was awarded by the BART Directors for the construction of a platform edge warning system in BART stations. The materials to be used were engineered plastic tactile tiles. The edge tiles have raised dots, and are black and bright yellow in color. These edge tiles extend back 24" from the edge of the platform. See, Exhibit A - Photographs of warning tiles.

4.      In order to further assist blind and visually impaired riders, BART began to install directional

-1-

DECLARATION OF RICHARD WENZEL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

J:\1752\sf0186\Pld\Dec-Wenzel.wpd                                              C 05 5307 VRW

1. tiles directly behind the warning tiles. The engineered plastic tiles guide passengers to train doors for boarding. See, Exhibit A - Photograph of warning and directional tiles. The Extra Row of Tiles Project located at the 3-car-minimum train openings was completed in all BART stations by January 2005. A permanent row of directional tiles was installed in all stations as of March of 2005.

5. BART trains vary in length from 3 to 10 cars, depending on the time of day and expected number of riders. Because train lengths vary, BART decided that from a safety standpoint, it would only install the directional tiles at the center 4-door stop locations on each platform, where two cars would always be present when a train is berthed at the station. BART felt that if it installed directional tiles at other possible door stop locations, blind and visually impaired patrons could become confused and attempt to board a train where cars were not present at a station.

6. The directional tiles are 12" deep. They have been placed behind the 24" deep edge tiles. BART decided to make the directional tiles 12" deep, because certain BART stations, including the 16th Street/Mission Station in San Francisco, have narrow platform areas. BART felt that if the directional tiles were 36" deep - these raised tiles could be a tripping hazard, and could make it difficult for handicap patrons using wheelchairs to negotiate the platform. BART staff believed that installing raised strips on walking surfaces conflicted with basic criteria for walkways and with ADA and ABA Accessibility Standards.

7. Specifically, at the 16th Street/Mission Station there was limited clearance (57") between the platform wall and the edge of the current 1' x 4' directional tile. See, Exhibit B - Photograph of 16th Street/Mission Station and Exhibit C - Design Drawing of 16th Street-Mission Station. If BART had installed 36" of directional tiles as required by the State, it would leave 21" from the edge of the directional tiles to the wall. ADA and ABA Guidelines require a minimum of 30" "clear floor" access for wheelchair users. ADA and ABA Accessibility Guidelines and Standards for Building and Facilities, section 305.2. Exhibit D. Therefore, there would not be sufficient "clear floor" access as required. The Accessibility Guidelines state that in alterations, where compliance with the applicable requirements is technically infeasible, the alteration shall comply with the requirements to the maximum extent feasible. Section 202.3 Exception 2. Section 202.3.1 - Prohibited Reduction in Access - states that an alteration that decreases or has the effect of decreasing the accessibility of a building or facility below the requirements for new construction at the time of the alteration is prohibited. Exhibit E.

-2-

DECLARATION OF RICHARD WENZEL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

J:\1752\sf0186\Pld\Dec-Wenzel.wpd                                                                                           C 05 5307 VRW

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
2  correct. Executed this 13th day of February 2008 in Oakland, California.

*Richard Wenzel*
RICHARD WENZEL

-3-

DECLARATION OF RICHARD WENZEL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

J:\1752\sf0186\Pld\Dec-Wenzel.wpd

C 05 5307 VRW

# EXHIBIT "A"









B00025

# EXHIBIT "B"





EXHIBIT "C"



**EXHIBIT "D"**

**Figure 304.3.2 T-Shaped Turning Space**

304.4 Door Swing. Doors shall be permitted to swing into turning spaces.

## 305 Clear Floor or Ground Space

305.1 General. Clear floor or ground space shall comply with 305.

305.2 Floor or Ground Surfaces. Floor or ground surfaces of a clear floor or ground space shall comply with 302. Changes in level are not permitted.

EXCEPTION: Slopes not steeper than 1:48 shall be permitted.

305.3 Size. The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.



**Figure 305.3 Clear Floor or Ground Space**

305.4 Knee and Toe Clearance. Unless otherwise specified, clear floor or ground space shall be permitted to include knee and toe clearance complying with 306.

305.5 Position. Unless otherwise specified, clear floor or ground space shall be positioned for either forward or parallel approach to an element.



**Figure 305.5 Position of Clear Floor or Ground Space**

305.6 Approach. One full unobstructed side of the clear floor or ground space shall adjoin an accessible route or adjoin another clear floor or ground space.

305.7 Maneuvering Clearance. Where a clear floor or ground space is located in an alcove or otherwise

**EXHIBIT "E"**

recovery rooms, examination rooms, and cafeterias are not exempt from these requirements and must be accessible.

201.2 Application Based on Building or Facility Use. Where a site, building, facility, room, or space contains more than one use, each portion shall comply with the applicable requirements for that use.

201.3 Temporary and Permanent Structures. These requirements shall apply to temporary and permanent buildings and facilities.

Advisory 201.3 Temporary and Permanent Structures. Temporary buildings or facilities covered by these requirements include, but are not limited to, reviewing stands, temporary classrooms, bleacher areas, stages, platforms and daises, fixed furniture systems, wall systems, and exhibit areas, temporary banking facilities, and temporary health screening facilities. Structures and equipment directly associated with the actual processes of construction are not required to be accessible as permitted in 203.2.

## 202 Existing Buildings and Facilities

202.1 General. Additions and alterations to existing buildings or facilities shall comply with 202.

202.2 Additions. Each addition to an existing building or facility shall comply with the requirements for new construction. Each addition that affects or could affect the usability of or access to an area containing a primary function shall comply with 202.4.

202.3 Alterations. Where existing elements or spaces are altered, each altered element or space shall comply with the applicable requirements of Chapter 2.

EXCEPTIONS: 1. Unless required by 202.4, where elements or spaces are altered and the circulation path to the altered element or space is not altered, an accessible route shall not be required.

2. In alterations, where compliance with applicable requirements is technically infeasible, the alteration shall comply with the requirements to the maximum extent feasible.

3. Residential dwelling units not required to be accessible in compliance with a standard issued pursuant to the Americans with Disabilities Act or Section 504 of the Rehabilitation Act of 1973, as amended, shall not be required to comply with 202.3.

Advisory 202.3 Alterations. Although covered entities are permitted to limit the scope of an alteration to individual elements, the alteration of multiple elements within a room or space may provide a cost-effective opportunity to make the entire room or space accessible. Any elements or spaces of the building or facility that are required to comply with these requirements must be made accessible within the scope of the alteration, to the maximum extent feasible. If providing accessibility in compliance with these requirements for people with one type of disability (e.g., people who use wheelchairs) is not feasible, accessibility must still be provided in compliance with the requirements for people with other types of disabilities (e.g., people who have hearing impairments or who have vision impairments) to the extent that such accessibility is feasible.

202.3.1 Prohibited Reduction in Access. An alteration that decreases or has the effect of decreasing the accessibility of a building or facility below the requirements for new construction at the time of the alteration is prohibited.

202.3.2 Extent of Application. An alteration of an existing element, space, or area of a building or facility shall not impose a requirement for accessibility greater than required for new construction.

202.4 Alterations Affecting Primary Function Areas. In addition to the requirements of 202.3, an alteration that affects or could affect the usability of or access to an area containing a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area, including the rest