```
RICHARD KASHDAN     #154719
Law Office of Richard Kashdan
434 Grove St.
San Francisco, CA  94102
Phone: (415)621-4080
Fax:   (415)621-9554
Email: richard@wideweb.com

Attorney for Plaintiff
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA NASH, ) | **No. C 05 5307 VRW** |
|     Plaintiff, ) | |
| vs. ) | **PLAINTIFF'S NOTIFICATION THAT CONSIDERATION FOR THE SETTLEMENT HAS NOT BEEN RECEIVED** |
| BAY AREA RAPID TRANSIT ) DISTRICT, DOES 1-40, ) | |
|     Defendants. ) | |

    The parties reached an oral settlement on February 19, 2008 at a settlement conference with Magistrate Judge Brazil, but the agreement was not reduced to writing or spoken onto the record at that time.  In the meantime Mark Hazelwood, attorney for defendant BARTD, and Richard Kashdan, attorney for Plaintiff, have been working on a draft of a formal Release and Settlement Agreement.  When complete and executed, the BARTD board must approve it at one of its monthly meetings.

    Judge Walker issued an Order of Dismissal on February 22, 2008, which stated in part:

> "... if any party hereto shall certify to this court, within 90 days, with proof of service of a copy

1

Plaintiff's Notification that Settlement Consideration Not Received

> thereof, that the agreed consideration of said settlement has not been delivered over, the foregoing order shall stand vacated and this cause shall forthwith be restored to the calendar to be set for trial."

This document is plaintiff's certification to the court that consideration for the settlement has not been delivered. It is clear at this point that even the monetary portion of the settlement will not be paid within the 90 days because the Settlement Agreement has not been finalized and submitted to the BARTD board.  The Settlement Agreement will also contain a section wherein BARTD agrees to install a between-car barrier system on its entire fleet of cars.  The detailed design of this system should be complete by July 1, 2009, and the system should be installed on every BART car over an additional four-year period.  Plaintiff and BARTD agreed that the court should retain some type of supervision over the settlement during that period so that BARTD can ask the court for a modification to the schedule if it runs into certain types of hardship, and that plaintiff can ask the court for an order if BARTD falls behind schedule without excuse.

The Order of Dismissal should be vacated so that the court can retain such jurisdiction.  But the case should not be set for trial at this time because the parties continue to act in good faith and believe that the monetary and injunctive consideration will eventually be completed.  The parties would prefer that Judge Walker or Magistrate Judge Brazil or both be designated as the judge(s) who would handle any disputes, rather than some other department that is not familiar with the case.

We request advice from the court on how to word this section of the Settlement Agreement, and perhaps a conference call with either or both judges would be helpful.

DATED: May 20, 2008

```
                              By: /s/ Richard Kashdan
                                  RICHARD L. KASHDAN
                                  Attorney for Plaintiff
```

**PROOF OF SERVICE BY MAIL**

    I am over the age of 18 years, a resident of and employed in San Francisco, and not a party to this action.  On this date I mailed a copy of the attached document with proper postage attached to:

    Mark F. Hazelwood
    Laura S. Flynn
    Low, Ball & Lynch
    505 Montgomery St. 7th flr
    San Francisco, CA  94111-2584

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2008

                                                      /s/ Richard Kashdan
                                                      Richard Kashdan